**Anthony Lenaire CURRY,**
**Petitioner–Appellant,**

v.

**State of WASHINGTON, Respondent–**
**Appellee.**

No. 00–35046.

D.C. No. CV–98–00764–JLW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2001.

Decided Aug. 2, 2001.

Before ALARCÓN, FERNANDEZ, and TASHIMA, Circuit Judges.

MEMORANDUM *

Anthony Lenaire Curry appeals from the district court's order denying his state

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

prisoner petition for a writ of habeas corpus. Curry challenges his 1994 conviction in a Washington state court on two counts of promoting prostitution. Curry contends that the state trial court violated his Sixth Amendment right to counsel at a critical stage of his state court criminal proceedings by denying his request for a continuance on the date set for trial. The certificate of appealability limits our review to the question "whether petitioner was denied counsel at a critical stage of his state court criminal proceedings." We affirm because we conclude that Curry failed to demonstrate that he was prejudiced by the fact that he was not represented by counsel during a pretrial proceeding during which the court ruled on the prosecutor's motions in limine.

I

On December 22, 1993, the day before trial was scheduled to begin in Washington's King County Superior Court, Curry appeared with a court appointed public defender. He moved to represent himself at trial. The court granted Curry's motion to proceed pro se and directed his court appointed counsel to act as his legal advisor. The court did not conduct a formal *Faretta* inquiry. Thereafter, Curry appeared pro se on various pre-trial matters.

On January 12, 1994, the court granted Curry's request for a continuance to retain private counsel. The proceedings were continued several times between January 12, 1994 and January 31, 1994 to allow Curry to retain private counsel. On each occasion, Curry explained to the court his difficulties in retaining counsel of his choice. He assured the court that he had the funds to retain counsel. During proceedings conducted on January 25, 1994, however, Curry stated he only had $25 in his jail account.

On January 31, 1994, Curry appeared pro se, accompanied by a legal advisor from the Office of Public Defense. Curry stated that he had not yet retained counsel because he was housed in the segregation unit and was unable to use the telephone. Curry's legal advisor informed the court that Curry had refused to cooperate with the public defender in preparing his case for trial. The district court advised Curry that because of his apparent lack of funds to retain counsel, he had to choose between representation by a public defender or self-representation. Curry insisted that he was more than able to obtain counsel. Curry expressly refused the services of a public defender, insisting that he had the funds to retain private counsel.

In light of Curry's repeated failures to obtain counsel, his apparent lack of financial resources, and his refusal to be represented by a public defender, the district court questioned Curry concerning his competence to represent himself. The court interrogated Curry concerning the nature of the charges, his understanding of the rules of evidence, his educational background, and his knowledge of his right to trial by a jury. Curry responded that he had the right to retain counsel of his choice and, if granted a continuance, he would retain counsel for his trial.

On February 2, 1994, Attorney Blake Kremer filed a notice of appearance on behalf of Curry. Eight days later, Mr. Kremer's motion to withdraw as Curry's counsel was granted based on a conflict of interest.

Because the prosecutor was engaged in trial on another matter, the case was trailed several times until February 24, 1994. On that date, the parties appeared before the district court. Curry was not represented by counsel. The court stated that, prior to selecting the jury, it would first consider Curry's motion for a continu-

ance to retain counsel to represent him during trial. Curry informed the court that he had made diligent efforts to retain Attorney Ronald P. Abernathy to represent him at trial. Curry asserted that because Mr. Kremer had not yet refunded the $5000 fee Curry had paid him, Curry would not be able to retain Mr. Abernathy until Mr. Kremer returned from his vacation in two weeks. Curry suggested that the court continue the matter for seven to ten days so that he could be represented by counsel at trial. He argued that a continuance should be granted because he had not "signed a pro se waiver" indicating that he waived his right to counsel, and that requiring him to proceed to trial without counsel would violate his rights under the Fourth, Fifth, and Sixth Amendments. In denying Curry's motion for a continuance, the court stated that Curry had been granted at least five continuances of the trial date in order for him to retain counsel to represent him during these criminal proceedings. On the same date, following the denial of Curry's motion, the State presented two motions *in limine*. One involved the scope of the cross-examination of a prosecution witness who had previously been convicted of shoplifting. In the State's second motion *in limine*, it requested that the court restrict the scope of the cross-examination of two detectives involved in Curry's case to evidence relevant to Curry's prosecution on the charges set forth in the accusatory pleading. Curry told the court that he would not participate in this proceeding because of his lack of competence to represent himself. The court granted each of the State's *in limine* motions. The court subsequently adjourned the proceedings for four days for the selection of a jury and the commencement of trial.

On February 28, 1994. Curry appeared in court with private counsel. The court granted Curry's counsel a one-day continuance to prepare for trial. Curry was rep-resented by counsel during jury selection and throughout the trial. His lawyer did not request that the court reconsider its ruling on the motions *in limine*.

## II

In the supplemental brief filed before this court by Curry's counsel, he maintains that "[n]o dispute exists that Curry did not have counsel on the first day of trial, the most critical stage of a criminal proceeding." Counsel's assertion that Curry did not have counsel on the first day of trial is inaccurate. During the argument before this court, Curry's counsel conceded that the selection of the jury did not occur until after Curry was represented by counsel. When Curry's counsel appeared, he requested a continuance to prepare for trial. The court granted the motion. Jury selection did not commence until Curry's counsel announced that he was ready for trial. Therefore, the precise question presented by this appeal is whether Curry has demonstrated that we must reverse the denial of his state prisoner petition for a writ of habeas corpus because he was not represented by counsel during pretrial proceedings held to consider the State's motions *in limine*.

The parties have not cited any case that holds that a proceeding on a motion *in limine* is a critical stage of a criminal proceeding. We are mindful that a court's ruling on a motion *in limine* is an interlocutory order. The court can change its mind based on unanticipated developments during trial, or as the result of a trial counsel's persuasive request for reconsideration. We need not decide this intriguing question in this case, however, because Curry has not indicated whether his right to cross examine the State's witnesses was limited during trial, as ordered by the court in the pretrial proceedings,

nor has he argued that he was prejudiced by the court's pretrial rulings.

During oral argument, Curry's appellate counsel asserted that a defendant who is denied his Sixth Amendment right to counsel during a critical stage of the proceedings does not have to demonstrate prejudice from such a constitutional deprivation. The law of this circuit is to the contrary. In *Hoffman v. Arave,* 236 F.3d 523 (9th Cir.2001), we held that a denial of the Sixth Amendment's right to counsel at a critical stage of an adversary criminal proceeding raised in a state prisoner habeas corpus petition pursuant to 28 U.S.C. 2254 must be reviewed for harmless error. *Id.* at 540. Under that standard, we must grant relief only if the error "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

Because Curry has failed to argue or demonstrate that any harm resulted from the state trial court's alleged constitutional error, he is not entitled to habeas relief. We express no opinion regarding whether a hearing on a motion *in limine* constitutes a "critical stage" of criminal proceedings.

AFFIRMED.